FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALI KANE, also known as Abdoulaye Toumbou,<br><br>                  Plaintiff,<br><br>  v.<br><br>RONALD HAYNES, Superintendent; DUENICH, CPM; WILLIAM STOCKWELL, CUS; RIVERA, Correctional Officer; and UNFRED, Correctional Officer,<br><br>                  Defendants. | NO. 2:24-CV-0013-TOR<br><br>ORDER ON MOTIONS TO STRIKE |

BEFORE THE COURT are Plaintiff's Motion for Partial Summary Judgment (ECF No. 21); Defendants' Motion to Strike and Motion to Expedite (ECF Nos. 22 and 23); Plaintiff's Motion for Summary Judgment (ECF No. 24); and Defendant's Motion to Strike and Motion to Expedite (ECF Nos. 25 and 26). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the Court **STRIKES** Plaintiff's first Motion for Partial Summary

ORDER ON MOTIONS TO STRIKE ~ 1

Judgment (ECF No. 21), **GRANTS** Defendants' first Motions to Strike and Expedite (ECF Nos. 22 and 23), **RESERVES** ruling on Plaintiff's second Motion for Summary Judgment (ECF No. 24), and **DENIES** Defendants' second Motions to Strike and Expedite (ECF No. 25 and 26).

## BACKGROUND

Plaintiff is an incarcerated individual at Coyote Ridge Corrections Center. Plaintiff is proceeding *pro se* in this matter. By first amended complaint, Plaintiff alleged that (1) he was subjected to retaliatory disciplinary action for engaging in protected conduct and (2) corrections staff unlawfully confiscated and destroyed his Quran. ECF No. 11 at 7-14, 16-19. Plaintiff moved for partial summary judgment on the first issue on August 13, 2024. ECF No. 21. Defendants moved to strike, alleging that Plaintiff had not included a Statement of Material Facts Not in Dispute as required by LCivR 56(c)(1)(A). ECF Nos. 22 at 2; 23.

On August 19, 2024, Plaintiff moved for summary judgment as to the second issue. ECF No. 24. Again, Plaintiff did not file a Statement of Material Facts not in dispute, and Defendants promptly sought to strike the motion. ECF Nos. 25 at 2; 26. Three days after Defendants filed their motion, Plaintiff filed a Statement of Material Facts Not in Dispute pertaining to his second motion for summary judgment. ECF No. 29.

//

ORDER ON MOTIONS TO STRIKE ~ 2

# DISCUSSION

The Local Civil Rules provide as follows:

A party filing a motion for summary judgment must separately file a "Statement of Material Facts Not in Dispute" which shall specify the undisputed material facts relied upon to support the motion. The material facts shall be set forth in serial, numbered fashion, not in narrative form. As to each fact, the statement shall cite to the specific page or paragraph of the record where the fact is found (e.g., affidavit p. 3, deposition p. 3, line 6, etc.). The specific portions of the record relied upon shall accompany the statement of material facts, unless already part of the record, in which case a citation in the format "ECF No. __ at __" shall be provided.

LCivR 56(c)(1)(A).

Defendants are prejudiced by Plaintiff's omission of a statement of undisputed facts as to his first partial motion for summary judgment. As Defendants correctly point out, they cannot file a Statement of Disputed Facts without Plaintiff's statement of undisputed facts to rely upon. LCivR 56(B). Plaintiff's Statement of Facts Not Disputed, which was filed August 23, does not include any facts addressing the issue presented in his first partial motion for summary judgment. *See* ECF Nos. 21; 29. Therefore, the Court strikes Plaintiff's first motion for partial summary judgment, ECF No. 21, and grants Defendant's first motions to strike and to expedite, ECF Nos. 22; 23.

Plaintiff's second motion for summary judgment was filed August 19, 2024 and addresses his second claim. ECF No. 24. Although this motion did not

initially contain a factual statement, Plaintiff filed a Statement of Material Facts Not in Dispute four days after his second motion for summary judgment. ECF No. 29.

Although Plaintiff's Statement of Material Facts Not in Dispute contains some minor omissions, the Court finds that it substantially complies with the requirements of LCivR 56(c)(1)(A) and allows for Defendants to adequately respond. Defendants shall have 21 days from the date of this Order to respond. LCivR 7(c)(2)(B)(ii). Plaintiff's reply is due no later than 21 days from the date the response was mailed as noted on the certificate of mailing or filed. LCivR 7(d)(2)(A). To accommodate these new deadlines, the Court will reset the hearing on Plaintiff's second motion for summary judgment to October 8, 2024, without oral argument.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Court **STRIKES** Plaintiff's first Motion for Partial Summary Judgment (ECF No. 21). Plaintiff may refile a motion for summary judgment as to his first claim that complies with the Local Rules and Rules of Civil Procedure.

2. Defendants' first Motion to Strike (ECF No. 22) and Motion to Expedite (ECF No. 23) are **GRANTED**.

3. The Court **RESERVES** ruling on Plaintiff's second Motion for Summary Judgment (ECF No. 24) and **DENIES** Defendant's second Motion to Strike (ECF No. 25) and Motion to Expedite (ECF No. 26).

The District Court Executive is directed to enter this Order, furnish copies to the parties, and **reset** the hearing date on Plaintiff's second Motion for Summary Judgment (ECF No. 24) to October 8, 2024, without oral argument.

DATED August 27, 2024.



THOMAS O. RICE
United States District Judge

ORDER ON MOTIONS TO STRIKE ~ 5