FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 28, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALI KANE, a.k.a. ABDOULAYE TOUMBOU,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RONALD HAYNES, DUENICH, WILLIAM STOCKWELL, RIVERA, and UNFRED,<br><br>　　　　　　Defendants. | NO: 2:24-CV-0013-TOR<br><br>ORDER OF DISMISSAL WITHOUT PREJUDICE |

BEFORE THE COURT is Plaintiff's Motion to Dismiss Without Prejudice (ECF No. 44) and Motion to Expedite (ECF No. 45). Plaintiff concedes that he failed to exhaust his administrative remedies before bringing this action, however, he requests his claims be dismissed without prejudice. ECF Nos. 44, 46. Defendants agree Plaintiff failed to exhaust his administrative remedies but contend that in light of Plaintiff's two pending motions for summary judgment (ECF Nos. 24, 37) before the Court and Defendants cross motion for summary

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 1

judgment on all claims, the Court dismiss the case with prejudice. ECF No. 47 at 2.

## DISCUSSION

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust available administrative remedies before bringing a federal action with respect to prison conditions. 42 U.S.C. § 1997e(a). A failure to exhaust available remedies requires a dismissal without prejudice. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits . . . .")).

Defendants and Plaintiff both agree Plaintiff has failed to exhaust his administrative remedies as required by PLRA, therefore, the Court lacks discretion to the resolve the claims on the merits and the action must be dismissed without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal . . . .").

Defendants argue Plaintiff's claims should be dismissed with prejudice because Plaintiff did not file his initial resolution request within the required time limit set in the Department's Resolution Program, thereby making it impossible for Plaintiff to succeed on his claims at the administrative level. ECF No. 473 at 3-4.

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 2

1  However, the Defendants provide no authority, and indeed the Court found none,

2  that permit the Court to bypass the state's resolution administrative process with its

3  own finding the Plaintiff will not succeed.  The PLRA permits the Court to dismiss

4  a claim that is "on its face, frivolous, malicious, fails to state a claim upon which

5  relief can be granted, or seeks monetary relief from a defendant who is immune

6  from such relief . . . without first requiring the exhaustion of administrative

7  remedies." 42 U.S.C. § 1997(e).  But that does not apply here since the Court had

8  already determined Plaintiff alleged facts sufficient to state plausible claims in his

9  amended complaint.  ECF No. 12 at 2.

10      In the alternative, Defendants request a dismissal without prejudice count as

11  a strike under the PLRA "three-strikes" rule.  ECF No.  "The PLRA's 'three-

12  strikes' rule prohibits a prisoner from filing an action *in forma pauperis* (IFP) if he

13  has accumulated three 'strikes' for prior-federal court actions while incarcerated or

14  in detention, unless he is 'under imminent danger of serious physical injury.'"

15  *Washington v. Los Angeles Cnty. Sheriff's Dep't.*, 833 F.3d 1048, 1051 (9th Cir.

16  2016); 28 U.S.C. § 1915(g).  To determine if a dismissal qualifies as a strike, "the

17  central question is whether the dismissal 'rang the PLRA bells of frivolous,

18  malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036,

19  1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir.

20  2013)).  Defendants contend this case should be dismissed as frivolous due to

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 3

1  Plaintiff conceding that he failed to exhaust his administrative remedies but
2  nonetheless filed three different summary judgment motions arguing the contrary.
3  ECF No. 47 at 5.

4  A case is frivolous for purposes of the PLRA "if it's of little weight or
5  importance: having no basis in law or fact." *Andrews v. King*, 398 F.3d 1113,
6  1121 (9th Cir. 2005). Defendants cite to *Smith v. Duke*, 296 F. Supp. 2d 965, 966
7  (E.D. Ark. 2003), in stating "[c]ourts have read related situations into § 1915(g)
8  when a claim is baseless, without merit, or an abuse of the judicial process."
9  However, as that court also points out, "[a]ll of the associations go to the merits of
10 the claim itself, not the procedural posture," and while "curbing abuse of judicial
11 process was clearly one purpose behind the PLRA, a 'strike' for failure to exhaust
12 administrative remedies was not included by Congress in section 1915(g) and is a
13 procedural landmine awaiting any *pro se* litigant." *Id.* The Court agrees that such
14 a dismissal for procedural deficiency does not warrant a strike for section 1915(g)
15 purposes.

16 Defendants concerns that Plaintiff will circumvent the PLRA by simply
17 refiling claims that cannot be exhausted is not supported by any case law or other
18 authority. Additionally, the Statewide Resolution Program Manual lays out the
19 appeals process to challenge a decision to not accept a Resolution Request. ECF
20 No. 33-1 at 159. Thus, if Plaintiff's resolution request is denied due to it not being

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 4

filed within the required timeframe, there are still available administrative remedies for him to exhaust.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Dismiss Without Prejudice (ECF No. 44) is **GRANTED.**

2. All other pending motions in this matter (ECF Nos. 24, 31, 37, 38, 45, 46) are **DENIED as moot**.

All claims and causes of action in this matter are **DISMISSED** without prejudice and without costs or fees to any party.

The District Court Executive is directed to enter this Order and Judgment of Dismissal, furnish copies to Plaintiff, and **CLOSE** the file.

**DATED** October 28, 2024.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 5